IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RECEE MAE REED, | § | |
|   PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-2863-L-BK |
| | § | |
| WHITE ROCK HILLS APT | § | |
| TOWNHOMES, ET AL., | § | |
|   DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Recee Mae Reed's motion to proceed *in forma pauperis* but did not issue process. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. In the alternative, the complaint should be **DISMISSED WITH PREJUDICE** as frivolous.

### I. BACKGROUND AND ANALYSIS

On November 16, 2021, Reed filed a *pro se* Complaint against White Rock Hills Apt Townhomes and "TDCA ( Agent: Kenaya, Michelle, and Tracey Lyons." Doc. 3 at 1. The allegations in the form-Complaint are disjunctive and difficult to decipher. Indeed, on the first page of the Complaint, Reed only pleads the following ambiguous sentence fragments and lists prior rent amounts and increases:

>Lost lease; per agent
>Deferred Plan: per agent
>Rent increase: questionnaire
>No renewal or (lost lease)
>Pay deferred plan – threaten
>(SSR) Social security disability/retirement

Doc. 3 at 1.  In addition to the rent increases, Reed also appears to complain of the leasing agents' refusal to renew her townhome apartment lease.  Doc. 3 at 2.

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Here, Reed has clearly failed to state any basis for the exercise of this Court's jurisdiction.  Reed's Complaint neither alleges: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, nor (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).  At best, Reed alleges only a state claim arising from a landlord-tenant dispute.

Alternatively, Reed's Complaint is subject to *sua sponte* dismissal with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of *in forma pauperis* complaint that is frivolous or malicious).  A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"

*Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

As set out above, even under the most liberal construction, Reed's Complaint fails to state a cognizable legal claim or anything that can be construed as such. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Complaint neither alleges a cause of action nor any cogent facts from which the Court can discern a cognizable cause of action. Moreover, Reed has previously filed an equally nonsensical and indecipherable claim against Defendant White Rock Hills Apt Townhomes (under the name "White Rock Hills Townhomes") in a different civil action that the Court recently dismissed as factually and legally frivolous. *See Reed v. White Rock Hills Townhomes*, 3:21-CV-1594-X-BK, 2021 WL 3477354, at *1-2 (N.D. Tex. July 16, 2021), *accepting recommendation*, 2021 WL 3475566 (N.D. Tex. Aug. 6, 2021), *appeal dismissed*, No. 21-1032, at *1 (5th Cir. Nov. 9, 2021) (finding court lacked jurisdiction over untimely appeal).

**II.  LEAVE TO AMEND**

Ordinarily, a *pro se p*laintiff should be granted leave to amend a complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Reed has previously filed nonsensical claims against one of the Defendants here that were rejected in a previous case. They are also fatally infirm. Reed as much acknowledges that the instant case is her second attempt to state the claims previously dismissed. *See* Doc. 3 at 2 (acknowledging the previous dismissed action and appeal and averring, "I declare a New Case...."). Just as before, however, the claims here are fatally infirm. And based on the most

deferential review of her complaint and the previous iteration, it is highly unlikely that, given the opportunity, she could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### III.  CONCLUSION

Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT  PREJUDICE** for lack of subject-matter jurisdiction.  In the alternative, the complaint should be **DISMISSED WITH PREJUDICE** as frivolous.

**SO RECOMMENDED** on November 18, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).