IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RECEE MAE REED,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-2863-L-BK** |
| | § | |
| **WHITE ROCK HILL APT.** | § | |
| **TOWNHOMES and TDCA (Agent:** | § | |
| **Kenaya, Michelle, & Tracey Lyons),** | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered on November 18, 2021, recommending that this action be dismissed without prejudice for lack of subject matter jurisdiction or, alternatively, dismissed with prejudice as frivolous. The Report further recommends that Plaintiff, who is proceeding pro se and *in forma pauperis*, should not be allowed to amend her pleadings because this is not the first time she has filed a civil action asserting frivolous nonsensical claims, and she acknowledges that this case is her second attempt to state claims previously dismissed. The Report, therefore, concludes that it appears that Plaintiff has stated her "best case."

On November 29, 2021, Plaintiff filed objections to the Report, but she does not address the magistrate judge's determination that subject matter jurisdiction is lacking. She, instead, appears to request additional time to research new claims that she wishes to assert in small claims court, including a claim against TXU Energy regarding a dispute about electricity charges totaling less than $1,000 that was not resolved to her satisfaction.

Even if Plaintiff could establish jurisdiction based on diversity of citizenship, she has not alleged any facts to satisfy the amount in controversy requirement. Further, the court agrees that Plaintiff's claims as pleaded do not assert any claim that would support the exercise of jurisdiction based on a federal question. Instead, Plaintiff's claim(s) arise from a dispute about her failure to pay rent owed and her grievance regarding increased rent. She also cryptically alleges that there is an issue regarding the Fifth Circuit's dismissal of an appeal she took in another case that was dismissed as untimely. Again, neither of these issues supports the exercise of jurisdiction based on a federal question, and the undersigned lacks authority to review the Fifth Circuit's dismissal of her appeal in another case.

Thus, having considered Plaintiff's pleadings, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of subject matter jurisdiction. The court also agrees for the reasons stated by the magistrate judge that Plaintiff should not be allowed to amend her pleadings and, therefore, **denies** Plaintiff's request for additional time to research potential claims.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the clerk of

the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 23rd day of December, 2021.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge

**Order – Page 3**